**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| BROADCOM CORPORATION, and ATHEROS COMMUNICATIONS, INC., <br><br>    Plaintiffs, <br><br> v. <br><br> COMMONWEALTH SCIENTIFIC AND INDUSTRIAL RESEARCH ORGANISATION, <br><br>    Defendant. | Case No. 6:09-cv-513 (LED) <br><br> Jury Trial Demanded |
| COMMONWEALTH SCIENTIFIC AND INDUSTRIAL RESEARCH ORGANISATION, <br><br>    Plaintiff, <br><br> v. <br><br> LENOVO (UNITED STATES) INC., LENOVO GROUP LIMITED, and LENOVO HOLDING COMPANY, INC., <br><br>    Defendants. | Case No. 6:09-cv-399 (LED) <br><br> Jury Trial Demanded |
| COMMONWEALTH SCIENTIFIC AND INDUSTRIAL RESEARCH ORGANISATION, <br><br>    Plaintiff, <br><br> v. <br><br> SONY CORPORATION et al., <br><br>    Defendants. | Case No. 6:09-cv-400 (LED) <br><br> Jury Trial Demanded |

| | |
|---|---|
| COMMONWEALTH SCIENTIFIC AND INDUSTRIAL RESEARCH ORGANISATION, <br><br>       Plaintiff, <br><br> v. <br><br> ACER INC., ACER AMERICA CORPORATION, ACER AMERICA HOLDING COMPANY, BOARDWALK CAPITAL HOLDINGS LTD., and GATEWAY INC. <br><br>       Defendants. | Case No. 6:09-cv-401 (LED) <br><br> Jury Trial Demanded |
| COMMONWEALTH SCIENTIFIC AND INDUSTRIAL RESEARCH ORGANISATION, <br><br>   Plaintiff/Counterclaim-Defendant, <br><br> v. <br><br> T-Mobile USA, Inc., <br><br>   Defendant/Counterclaim-Plaintiff. | Case No. 6:10-cv-00065(LED) <br><br> Jury Demanded |
| COMMONWEALTH SCIENTIFIC AND INDUSTRIAL RESEARCH ORGANISATION, <br><br>       Plaintiff, <br><br> v. <br><br> CELLCO PARTNERSHIP d/b/a/ VERIZON WIRELESS, <br><br>       Defendant. | Case No. 6:10-cv-00066(LED) <br><br> Jury Demanded |

| | |
|---|---|
| COMMONWEALTH SCIENTIFIC AND INDUSTRIAL RESEARCH ORGANISATION,<br><br>                          Plaintiff,<br><br>v.<br><br>AT&T INC., AT&T MOBILITY LLC, F/K/A/ CINGULAR WIRELESS LLC and AT&T WI-FI SERVICES, F/K/A WAYPORT, INC.<br><br>                          Defendants. | Case No. 6:10-cv-00067(LED)<br><br>Jury Demanded |

## ORDER CONCERNING DEPOSITIONS

WHEREAS, the above-captioned cases (the "Pending Litigation") concern allegations of infringement, invalidity and unenforceability of the '069 Patent;

WHEREAS, there also were a number of earlier-settled cases concerning the '069 Patent which were entitled *Intel Corp. v. Commonwealth Scientific and Industrial Research Organization (CSIRO)*, 6:06-CV-551 (LED), *Microsoft Corp. v. CSIRO*, 6:06-CV-549 (LED), *CSIRO v. Toshiba America Information Systems, Inc.*, 6:06-CV-550 (LED), *Marvell Semiconductor, Inc. v. CSIRO*, 6:07-CV-00204 (LED), and *CSIRO v. Buffalo Technology, Inc.*, 2:05-CV-00053 (LED)) (collectively the "Prior Litigation"); and

WHEREAS, the parties to the Pending Litigation wish to document certain agreements they have reached concerning discovery, which agreements are intended to streamline discovery proceedings.

The parties hereto stipulate as follows:

**A. Depositions to Be Taken in the Pending Litigation**

1. From this date going forward, all notices of deposition pursuant to Fed. R. Civ. P. 31 and subpoenas pursuant to Fed. R. Civ. P. 45 will be served on all counsel of record in all of the above-captioned cases in the Pending Litigation. For each notice of deposition and subpoena

that has already issued but with respect to which the deposition has not already taken place, the notice and/or subpoena will be served again to provide service on all counsel of record in each of the above-captioned cases.

    2. Upon such service of the notices of deposition and subpoenas, the parties in all cases will cooperate in good faith in the scheduling of all depositions in order to assure that each party has an opportunity to attend that deposition and question the deponent should that party wish to do so.  Assuming each party has been provided with such an opportunity, and barring timely notice to all parties of an objection by any party to the proposed deposition schedule, all parties will be deemed to have been given the opportunity to develop testimony by direct, cross or redirect examination pursuant to Federal Rule of Evidence 804(b)(1) with respect to that particular deposition.

    3. The parties recognize that certain depositions scheduled in the Pending Litigation will need to accommodate time for questioning by counsel for numerous parties in multiple cases.  Thus, the parties agree that for such depositions there is no presumptive limitation on the number of hours or sequence of days for deposing a given witness (e.g., there is no presumptive seven hour limit to a single deposition, or presumption that a witness can only be deposed once if one or more parties in good faith cannot attend the witness's deposition as scheduled).  That said, parties agree to endeavor in good faith to avoid duplicative questioning of witnesses and multiple depositions of the same witness, and all parties are entitled to seek protective orders in the event that they believe a limitation on the number of hours must be imposed on a given deposition.  In light of the fact that counsel for the non-CSIRO parties will try to coordinate their questioning so as to avoid duplicative questioning, the non-CSIRO parties will advise CSIRO regarding how questioning should be charged against the total hours of questioning available in any given case.

Conversely, CSIRO will advise the non-CSIRO parties as to how to charge its time for questioning against the total hours of questioning available in any given case.

4. The parties agree that each party is not limited to one Rule 30(b)(6) deposition notice, provided the topics are not duplicative.

5. The parties agree that, although the parties are coordinating discovery in the manner described above, the parties have not reached any agreement regarding whether or not the cases should be consolidated at trial.

6. The parties agree that this stipulation does not address any issues that may arise as a result of CSIRO's pending motion to amend its infringement contentions.

### B. Depositions Taken in Prior Related Cases

1. All depositions taken in the Prior Litigation are useable in this case, *i.e.*, they will be treated as part of the deposition discovery obtained in the pending, above-captioned cases. However, the parties agree that if a party in the Pending Litigation did not have an opportunity to attend a deposition in the Prior Litigation, said party will not be deemed to have waived objections to form not asserted at the time of deposition and may assert such objections according to the schedule set by the Court for objections to testimony.

2. This agreement is without prejudice to each party's right to assert objections to the use of deposition testimony from the Prior Litigation in the Pending Litigation as if said deposition had been taken in the Pending Litigation (including but not limited to objections based on lack of relevance, undue prejudice, lack of foundation, etc.).

3. The parties further agree that, notwithstanding this stipulation, the mere fact that a witness has been deposed in the Prior Litigation does not in and of itself preclude a party to the Pending Litigation from re-deposing said person.

Good cause appearing, the parties' Joint Motion Concerning Depositions is in all things GRANTED and the agreements recited in this Order are hereby approved.

**So ORDERED and SIGNED this 1st day of April, 2011.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**